RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 09 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

VALLEY FIELD PARTNERS

Plaintiff,

JAIUS LONG

AND ALL OTHER OCCUPANTS

Defendants.

In a petition for removal from the Magistrate Court of DeKalb COUNTY Georgia

Civil Action No.

1:24-CV-3050

## Notice of Removal

Comes now the Petitioner(s), JAIUS LONG and other Occupants as named defendants, in direct support of this request for removal of the above-captioned magistrate court matter to the United States District Court provided under at least 28 USC § 1331, 28 USC § 1367, 28 USC 1441(b), 28 USC § 1441(c), 28 USC § 1441(e), 28 USC § 1443(1), 28 USC § 1443(2), and/or 28 USC § 1446(d), and on the federal questions involved, herein alleges, states, and provides the following:

### JURISDICTION

This District Court of the United States has original, concurrent, and supplementary jurisdiction over this cause of action, pursuant to the authorities cited above, including, but not limited to the following, to-wit: 28 USC § 1331, 28 USC § 1367, 28 USC 1441(b), 28 USC § 1441(c), 28 USC § 1441(e), 28 USC § 1443(1), 28 USC § 1443(2), and/or 28 USC § 1446(d).

1

The District Court of the United States is an Article III court with authority to hear questions arising under the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights, the Ninth Amendment, the Eleventh Amendment, the original Thirteenth Amendment, the Fourteenth Amendment, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservations. *See* the Article VI Supremacy Clause of the Constitution of the United States of America, as lawfully amended (*hereinafter* "U.S. Constitution").

## SUPPLEMENTAL SUPPORT FOR REMOVAL

"A court of the United States, quite properly, is loathe to interfere in the internal affairs of a State. The sovereignty of the States, within the boundaries reserved to them by the Constitution, is one of the keystones upon which our government was founded and is of vital importance to its preservation. But in Clause 2 of Article VI of the Constitution of the United States, it is provided:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, and Things in the Constitution or Laws of any State to the Contrary notwithstanding.

Hence, any State law, which is in conflict with the United States Constitution or a law enacted by Congress in pursuance thereof, cannot be enforced. Nor can a valid State law be applied in a way to thwart the exercise of a right guaranteed by the Constitution and laws enacted by Congress in pursuance thereof.

So, where it is alleged that certain State laws do so conflict or are being utilized, not for legitimate State purposes, but as an expedient to deprive plaintiffs of the rights guaranteed them by the Constitution of the United States and the laws of Congress enacted under the authority thereof, a court of the United States must entertain the suit and, if the allegations are proven, and injunctive relief appears to be required, it must issue the injunction"
Nat'l Ass'n for Advancement of Colored People -Thompson, 357 F.2d 831, 832-33 (5th Cir. 1966)

"Even though state law creates appellant's causes of action, its case might still "arise under" the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.

2

Franchise Tax Bd. of State of Cal. -Constr. Laborers Vacation Trust for S. California, 463 U.S. 1, 13, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983) Article III of the United States Constitution endows federal courts with the power to hear cases "arising under" federal law. Merrell Dow Pharmaceuticals Inc. -Thompson, 478 U.S. 804, 807, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); U.S. Const., art. III, § 2. Congress subsequently \*\*728\*811 codified that endowment, thereby creating general federal-question jurisdiction. Merrell Dow, 478 U.S. at 807, 106 S.Ct. 3229; 28 U.S.C. § 1331 (2006). In the vast majority of cases, federal-question jurisdiction under section 1331 exists because the well-pleaded complaint alleges a cause of action that was created by federal law. Merrell Dow, 478 U.S. at 808, 106 S.Ct. 3229

However, the United States Supreme Court also determined long ago that in certain circumstances, a cause of action created by state law may "arise under" federal law, conferring federal-question jurisdiction, where it implicates a significant federal issue. Grable & Sons Metal Products, Inc. -Darue Engineering & Manufacturing, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (citing Hopkins -Walker, 244 U.S. 486, 37 S.Ct. 711, 61 L.Ed. 1270 (1917)). There is no " 'single, precise, all-embracing' " test to determine when federal-question jurisdiction exists over state-law claims. Grable, 545 U.S. at 314, 125 S.Ct. 2363 (quoting Christianson -Colt Industries Operating Corp., 486 U.S. 800, 821, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (Stevens, J., concurring, joined by Blackmun, J.)). Early on, the Supreme Court held that a state-law claim could give rise to federal-question jurisdiction as long as it "appears from the [complaint] that the right to relief depends upon the construction or application of [federal law]." Smith -Kansas City Title & Trust Co., 255 U.S. 180, 199, 41 S.Ct. 243, 65 L.Ed. 577 (1921)."

Magnetek, Inc. -Kirkland & Ellis, LLP, 2011 IL App (1st) 101067, 954 N.E.2d 803, 811, reh'g denied (July 28, 2011), appeal allowed, 112910, 2011 WL 7064726 (Ill. No-30, 2011)

"Federal-question jurisdiction is usually invoked by plaintiffs pleading a cause of action created by federal law, but this Court has also long recognized that such jurisdiction will lie over some state-law claims that implicate significant federal issues, see, e.g., Smith -Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577."

Grable & Sons Metal Products, Inc. -Darue Eng'g & Mfg., 545 U.S. 308, 308, 125 S. Ct. 2363, 2364, 162 L. Ed. 2d 257 (2005)

### RECORD OF STATE PROCEEDINGS

Petitioner(s) is/are now proceeding on the basis of the presumption that the GEORGIA magistrate court record will be made available to this Honorable Court upon Notice and Demand for Mandatory Judicial Notice, pursuant to Rules 201 and 902 of the Federal Rules of Evidence, the Full Faith and Credit Clause contained under Article IV of the U.S. Constitution, and 28 U.S.C. § 1449.

## ALLEGATIONS

1. Defendant(s) specifically complains on matters which go to related federal questions, such as federal civil jurisdiction within the several States of the Union, and the denial or the inability to enforce, in the courts of a State, one or more rights under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof, to-wit:

2. Defendant(s) complains of various systematic and premeditated deprivations of fundamental Rights guaranteed by the U.S. Constitution, by the Constitution of the State of GEORGIA, as lawfully amended (*hereinafter* "GEORGIA Constitution"), and by federal law, and which deprivations are violations of 18 U.S.C. §§ 241 and 242. *See also* 28 U.S.C. § 1652.

3. Plaintiff(s) lacks standing pursuant to O.C.G.A 9-2-44.

4. Defendant(s) complains he has a right to Fair and Impartial Proceedings and a right to equal and adequate protection under the laws of the State of Georgia.

5. Defendant has been denied the constitutional right to a jury trial.[1]

## NOTICE TO PARTIES

---

[1] The right to a jury trial in a dispossessory proceeding is mandated by the Georgia Constitution. If the proceeding is in a state or superior court, the jury trial should occur in that court. However, jury trials are prohibited in magistrate court by the terms of O.C.G.A. § 15-10-41 (GCA § 24-602). The Supreme Court has held that the constitutional right to a jury trial in a proceeding filed in magistrate court is satisfied by virtue of the right of the parties to a de novo appeal before a jury in the appropriate state or superior court. The Supreme Court has stated that such a procedure does not amount to the denial of a jury trial, but rather a mere procedural delay before receiving a jury trial. Thomas v. Wells Fargo Credit Corp., 200 Ga. App. 592, 409 S. E. 2d 71 (1991); Hill v. Levenson, 259 Ga. 395, 383 S. E. 2d 110 (1989). The Georgia Supreme Court has held that a pre-litigation contractual waiver of jury trial in a commercial lease is not enforceable; this principle would be equally applicable to residential leases. American Southern Financial, Ltd. v. Yang, 264 Ga. 513, 448 S. E. 2d 450 (1994). For an article regarding whether the right to a jury trial may be contractually waived, see Loewy, Waiving Jury Trials in Commercial Leasing Cases, Probate and Property, Vol. 3., No. 6, (Nov.-Dec. 1989), at page 50.
Ga. Landlord & Tenant - Breach & Remedies § 5-17 (4th ed.)

Defendant(s) now and hereby provide(s) his formal Notice of the above to all interested parties, of record or otherwise, within and surrounding the above-captioned Magistrate court proceedings.

## SUMMARY AND PRAYER

Defendant(s) reiterates that his request for removal to this Court is not just about a supported and reasonable *expectation* of the future manifest deprivation of his various civil rights within said magistrate court, but also that such a deliberately unlawful pattern of 'wrongful dispossessory' by __Valley Field Partners__.

Without the immediate intervention, and the exercise of full jurisdiction and authority by this Honorable Court in removing said lower state proceedings, the Defendant(s) will be otherwise subjected to egregious denial and inability to enforce in said magistrate court one or more rights under the laws providing for the equal rights of citizens of the United States, and will be likewise unlawfully forced to suffer manifest and irreparable injuries therein, without reasonable remedy.

WHEREFORE, the undersigned Defendant(s) and Other Occupants, now pray(s) for removal of the above-captioned magistrate court proceedings into, and under, the jurisdiction of this United States District Court, with all speed, and for all other relief deemed just and proper in the premises.

Respectfully submitted,

_____  Date: __7-8-24__

## VERIFICATION

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.

Executed at _____7-8-24_____.

Respectfully submitted,

_____/s/_____ Date 7-8-24

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing petition for removal, by depositing the same in the United States mail, postage prepaid, has been duly served upon all parties of record in the lower state proceedings, to-wit:

Valley Field Partners
P.O. Box 451027
Atlanta, GA 31145

and, that the same is being also filed this same date within the lower magistrate court proceedings

Respectfully submitted,

_____ DATE: 7-8-24

**MAGISTRATE COURT OF DEKALB COUNTY**

653820

Valleyfield Partners, LLC, dba Valleyfield
Apartments, R James Properties Inc
P.O. Box 451077
Atlanta GA 31145

PLAINTIFF'S NAME/ADDRESS/PHONE/EMAIL

v. Jainit Long, and all others

5421 Covington Hwy Unit 283
Decatur GA 30035
DEFENDANT'S NAME & ADDRESS

MAGISTRATE COURT OF DEKALB COUNTY, GA
6/23/2024 4:55 PM **E-FILED**
24D16358
Clerk Kim Brock

DeKalb Courthouse - Civil Division
556 N. McDonough Street, Room 200
Decatur, GA 30030
404-371-2261

CASE #  24D16358

Gracy Barksdale      #037945

PLAINTIFF'S ATTORNEY NAME/ADDRESS/PHONE/EMAIL

1. Defendant is in possession as tenant of the premises at the address in DeKalb County as stated above.
2. Affiant is the ☐ Owner ☐ Attorney ☒ Agent ☐ Tenant and owner of said premises.
3. Defendant ☒ fails to pay the rent which is now past due;
   ☐ holds the premises over and beyond the term for which they were rented or leased to him;
   ☐ is a tenant-at-sufferance;
   ☐ other grounds:
4. Plaintiff desires and has demanded possession of the premises.
5. Defendant has failed and refused to deliver possession of the premises.

WHEREFORE, PLAINTIFF DEMANDS
   (a) Possession of the premises
   (b) Past due rent of $ 1160.00 for the month(s) JUN
   (c) Rent accruing up to the date of judgement of vacancy at the rate of $ 1160.00 per Month
   (d) Other: Plaintiff Seeks Possession + $200.00 Filing Fee + $75.00 Late Fees + $88.00 Water & Sewer

By affixing this electronic verification, oath, or affidavit to the pleading(s) submitted to the court and attaching my electronic signature hereon, I do hereby swear or affirm that the statements set forth in the above pleading(s) are true and correct.

/s/ Mohamed Almallah     6/23/2024    770-981-9369
PLAINTIFF(S) or AFFIANT   DATE   PHONE NUMBER / EMAIL ADDRESS

**SUMMONS**

TO THE MARSHAL of the State Court of DeKalb County or his lawful deputies, GREETINGS:

The defendant herein is hereby commanded and required personally or by attorney to file with the Clerk of the Magistrate Court of DeKalb County, 2nd Floor, Suite 200, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough St., Decatur, Georgia within seven (7) days from the date of service of the within affidavit and summons (or on the first business day thereafter if the seventh day falls on Saturday, Sunday or legal holiday) then and there to answer said affidavit either online, in writing or orally (orally means in front of a deputy clerk). If no Answer is made, a writ of possession shall issue instanter. WITNESS the Honorable Chief Judge of said Court. The above affidavit was sworn to and subscribed before the undersigned Deputy Clerk by affiant as provided by O.C.G.A. § 44-7-50 and summons issues pursuant thereto.

This _____ day of _____    Clerk Kim Brock    6/23/2024 4:55 PM
                                     DEPUTY CLERK, Magistrate Court of DeKalb County

**PRIVATE PROCESS SERVER AFFIDAVIT OF SERVICE**

I have served the foregoing Affidavit and Summons on the Defendant(s) by delivering a copy of same;
☒ PERSONALLY ☐ DEFENDANT NOT FOUND AT WITHIN ADDRESS ON SAID SUMMONS AND AFFIDAVIT
☐ NOTORIOUSLY (NAME) _____ Age ____ Wt. ____ Ht. ____
☐ TACK & MAIL Posting a copy to the door of the premises and depositing a copy in the U.S. Mail, First Class in an envelope properly addressed after attempting personal service. Said copy containing notice to the Defendant(s) to answer at the hour and place in said summons.

DATE OF SERVICE:  JUN 2 6 2024      DEFENDANT TO ANSWER ON OR BEFORE:  JUL 0 3 2024

PROFESSIONAL PROCESS SERVER                      NOTARY

**Francisco Murrieta** ANSWER

To file your answer online visit www.AnswerDispo.com and enter your case number. All Answers must be electronically filed by 11:59PM on or before the 7th day to answer this summons. A service charge applies for online answers. No service charge applies to answers made written or orally at the courthouse.